UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALEJANDRO PANARES, JR., | ) | 1:11-cv-00051 MJS HC |
| Petitioner, | ) ) | ORDER DISMISSING PETITION DUE TO PETITIONER'S FAILURE TO FOLLOW A COURT ORDER |
| v. | ) ) | |
| | ) | [Doc. 5] |
| MICHAEL L. BENOV, Warden, | ) ) | |
| Respondent. | ) | |
| _____ | ) | |

    Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

    On January 11, 2011, Petitioner filed a petition for writ of habeas corpus. On January 13, 2011, the Court issued an order requiring Petitioner to consent to Magistrate Judge jurisdiction or request reassignment to a District Court Judge within thirty (30) days. After thirty days passed without a response, the Court issued a second order regarding consent or reassignment on February 28, 2011. Petitioner again failed to respond, and a third order regarding consent or reassignment was issued on April 18, 2011. On July 28, 2011, the Court issued a order to show cause why the petition should not be dismissed due to Petitioner's failure to comply with its orders. (Order to Show Cause, ECF No. 5.) Petitioner was ordered to respond to the order to show cause within twenty (20) days of service. Over twenty (20) days have passed, and Petitioner has not responded to the order to show cause.

    In determining whether to dismiss an action for lack of prosecution, the court must

consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423-24 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988).  The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal as this case has been pending since January 11, 2011. The Court cannot hold this case in abeyance indefinitely based on Petitioner's failure to respond to four separate orders of the court. The third factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, public policy favoring disposition of cases on their merits, is outweighed by the factors in favor of dismissal discussed herein.  Finally, given Petitioner's failure to communicate with the Court despite several orders requiring him to do so, no lesser sanction is feasible.

Petitioner has failed to prosecute the present matter by failing to follow a court order. Therefore, the petition must be dismissed.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is DISMISSED without prejudice; and

2. The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

Dated:    August 30, 2011           /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE